# IN THE COURT OF APPEALS OF IOWA

No. 17-1310
Filed June 19, 2019

**RAYMOND SULLINS,**
        Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR POLK COUNTY,**
        Defendant-Appellee,

**and CITY OF DES MOINES and SAFARI II, LLC,**
        Intervening Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson,

Judge.


        Plaintiff appeals the district court ruling denying his petition to vacate the

court's decision denying his motion for a new trial.  **AFFIRMED.**


        Ray Sullins, West Des Moines, pro se appellant.

        Luke DeSmet, Assistant City Attorney, for appellee City of Des Moines.


        Considered by Vogel, C.J., Mullins, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

Raymond Sullins appeals the district court ruling denying his petition to vacate the court's decision denying his motion for a new trial. We conclude Sullins did not assert adequate grounds to grant his motion to vacate. We affirm the decision of the district court.

## I.      Background Facts & Proceedings

Sullins rented a commercial space from Safari II, L.L.C., in Des Moines. Safari brought a forcible-entry-and-detainer (FED) action against Sullins for violating the terms of the lease. At about the same time, the City of Des Moines cited Safari for violating the city zoning code.[1] In the FED action, the small claims court determined Sullins should be removed from the property. Sullins's request to intervene in the zoning ordinance proceeding was denied. He appealed the matters to the district associate court, which denied both appeals.

Sullins filed petitions for writ of certiorari in the two matters. He claimed the magistrates and judges involved in the cases acted illegally and irregularly. The district court consolidated the cases and denied Sullins's claims. Sullins filed a motion for new trial, which was denied by the district court on May 1, 2016. Sullins appealed. We affirmed the district court. *Sullins*, 2017 WL 5178987, at *6.

On May 1, 2017, while Sullins's case was pending on appeal, he filed a petition to vacate the district court's decision denying his motion for new trial. He claimed the decision should be vacated or modified based on Iowa Rule of Civil

---

[1] "In the citation, the City alleged the storage of the wood pallets on the property did not conform to the zoning ordinance in effect for the property." *Sullins v. Iowa Dist. Ct.*, No. 16-0958, 2017 WL 5178987, at *1 (Iowa Ct. App. Nov. 8, 2017).

Procedure 1.1012(2), which refers to "Irregularities or fraud practiced in obtaining [a decision]." Although Sullins raised several claims in the petition, at the hearing on the petition after some discussion with the court, Sullins clarified he was asserting there was not substantial evidence to show he violated the ordinance and he was prevented from presenting evidence concerning the ordinance violation at the small claims hearing in the FED action.

The City and Safari claimed (1) Sullins's motion to vacate was not supported by an affidavit, as required by rule 1.1013(1); (2) the same issues were raised in the appeal of the petitions for writ of certiorari; and (3) there were no irregularities in the district court's decision denying the motion for new trial.

At the hearing on the motion to vacate, the district court made a ruling from the bench finding Sullins had not shown any irregularity and denying the motion. The court also issued a written ruling, stating:

> The Court reviewed the pleadings, relevant rules of Civil procedure and relevant case law and considered the parties arguments made on the record and for all the reasons stated on the record the court Finds the Petition to Vacate and Modify is hereby DENIED.

Sullins appealed the ruling of the district court.

## II. Standard of Review

We review a district court's decision on a petition to vacate a judgment under rule 1.1012 for the correction of errors at law. *In re Marriage of Kinnard*, 512 N.W.2d 821, 823 (Iowa Ct. App. 1993). Our supreme court has stated:

> The district court enjoys wide discretion in deciding whether to vacate an order under rule [1.1012]. We will not reverse the trial court's decision on this question unless an abuse of discretion has been shown. We are more reluctant to find an abuse of discretion

where the judgment has been vacated than when relief has been denied.

> The court's exercise of discretion must have some support in the record. In examining the record, we give the trial court's findings the force of a jury verdict. Consequently, if the trial court's factual findings are supported by substantial evidence, they are binding on appeal.

*In re Adoption of B.J.H.*, 564 N.W.2d 387, 391 (Iowa 1997) (citations omitted).

### III.    Petition to Vacate

Sullins claims the district court's ruling on his motion for new trial should be vacated or modified based on irregularity in obtaining the ruling. *See* Iowa R. Civ. P. 1012(2). The term "irregularity" as used in this rule means:

> The doing or not doing that, in the conduct of a suit at law, which, conformably with the practice of the court, ought or ought not to be done. Violation or nonobservance of established rules and practices. The want of adherence to some prescribed rule or mode of proceeding; consisting either in omitting to do something that is necessary for the due and orderly conduct of a suit, or doing it in an unseasonable time or improper manner.

*In re Marriage of Cutler*, 588 N.W.2d 425, 428–29 (Iowa 1999) (quoting *Forsmark v. State*, 349 N.W.2d 763, 767 (Iowa 1984)).

The Iowa Supreme Court has also stated:

> In determining whether an irregularity has occurred for purposes of rule [1.1012(2)], this court has adopted some general principles. First, the rule covers cases in which a party suffers an adverse ruling due to action or inaction by the court or court personnel. Second, the action or inaction must be contrary to (1) some prescribed rule, (2) mode of procedure, or (3) court practice involved in the conduct of a lawsuit. Finally, the party alleging the irregularity must not have caused, been a party to, or had prior knowledge of the breach of the rule, mode of procedure, or practice of the court.

*Id.* at 429 (citations omitted).  Sullins has the burden to prove irregularity by clear and convincing evidence.  *See In re Marriage of Butterfield*, 500 N.W.2d 95, 99 (Iowa Ct. App. 1993).

Sullins's claim there was not substantial evidence he violated the ordinance would not constitute an irregularity as the term is defined in *Cutler*.  588 N.W.2d at 428–29.  The claim does not concern the "[v]iolation or nonobservance of established rules and practices."  *See id.* at 429.  Also, his claim he was not permitted to present evidence concerning the ordinance violation at the hearing in small claims court on the FED case does not present a claim of an irregularity because he has not presented clear and convincing evidence to show there was a "[v]iolation or nonobservance of established rules and practices."  *See id.*

We conclude the district court did not err in denying Sullins's petition to vacate due to an irregularity, as found in rule 1.1012(2).[2]

**IV.    Other Claims**

**A.**    Sullins contends the district court improperly determined he was required to file an affidavit to support his petition to vacate under rule 1.1013(1).  At the hearing on the petition to vacate, the court discussed this matter and stated it could "dismiss the petition on that only."  The court went on, however, to discuss whether Sullins had shown an irregularity and denied the petition on this ground.

---

[2] Furthermore, in Sullins's appeal on his petitions for writ of certiorari, he challenged the district court's decision denying his motion for new trial, claiming the court "committed error and proceeded in an irregular manner."  *Sullins*, 2017 WL 5178987, at *5.  We found "no error at law or abuse of discretion in the district court denial of Sullins's motion for a new trial."  *Id.*

We make no finding as to whether the court properly found an affidavit was required because this issue was not dispositive for the court's decision.

**B.** Sullins claims there were irregularities in the district court's ruling on his motion for new trial on the issue of whether the judge who ruled on the FED action should have recused himself. Sullins raised this issue in his petition to vacate but it was not addressed by the district court. We conclude this issue has not been preserved for our review. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). We do not address issues that have not been preserved. *See City of Davenport v. Seymour*, 755 N.W.2d 533, 545 (Iowa 2008).

**C.** Sullins also claims the judge who ruled on his motion for new trial should have recused himself from ruling on the motion. Again, this issue was raised in Sullins's petition to vacate but was not ruled on by the district court. We do not address the issue because it has not been preserved for appellate review. *See id.*

**V. Conclusion**

We affirm the district court decision denying Sullins's petition to vacate the court's ruling on his motion for new trial.

**AFFIRMED.**